J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398/fax

Attorneys for Defendants Countrywide Home
Loans, Inc., Bank of America, N.A., Recontrust
Company, N.A. and MERS

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| YEN-HSUEH LAI,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LAONS; BANK OF AMERICA; RECONTRUST; MERS; et al.,<br><br>Defendants. | Case: 2:10-cv-00420-RLH-LRL<br><br>MOTION TO DISMISS |

Defendants Countrywide Home Loans, Inc., Bank of America, N. A., ReconTrust, N. A. and Mortgage Electronic Registration Systems, Inc. (MERS), by and through their attorneys, Lewis and Roca LLP, hereby move this Court for on order dismissing all of Plaintiff Yen-Hsueh Lai's claims for failure to state a claim on which relief may be granted. This motion is pursuant to Federal Rule of Civil Procedure 12(b)(6), and is based on the pleadings and papers on file herein, the following memorandum of points and authorities, and any oral arguments the Court will allow.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Yen-Hsueh Lai ("Plaintiff") does not want to pay her mortgages on the subject property. Three years after executing her loan documents, Plaintiff seeks to escape her obligation to repay those loans. However, Plaintiff also wants to retain possession and enjoyment of the

---

[1] Plaintiff has not properly served Defendants. Plaintiff merely mailed the Complaint to Defendants through U.S. Mail. Obviously this is improper under FRCP Rule 4. However, in an abundance of caution, Defendants are filing this Motion to Dismiss, but maintain that no service of the Complaint has ever been made.

property. Her Complaint is one of several similarly misguided lawsuits filed over the past months designed to avoid payment and stall non-judicial foreclosure proceedings.

Plaintiff's Complaint is an unintelligible collection of incomplete thoughts, inapplicable legal authorities, and almost no facts.[2]  It appears Plaintiff may have unwittingly fallen victim to believe in a scam known as "vapor money" or "freeman" complaints.  Homeowners facing foreclosure attend seminars or visit websites which promote "vapor money" or "freeman" theories, and promising that if they will write certain letters, called "qualified written requests," to their financial institution, they will somehow nullify their mortgage and obtain clear title to their property without paying for it. Such a scam has existed for many years and appears to have resurfaced again with the mortgage crisis.

Nonetheless, the purpose of Plaintiff's Complaint is identical to the purpose behind nearly all of the frivolous lawsuits filed by homeowners against their lenders. Like the plaintiffs in those actions, here, Plaintiff wants this Court to give her a free house without requiring her to repay the hundreds of thousands of dollars she borrowed to purchase it.

As discussed below, the Complaint fails to state a claim upon which relief can be granted. Even at 46 pages loan, it contains almost no facts, and has insufficient citation to law to support any cognizable claims.

## II.   STATEMENT OF FACTS

***Plaintiff Borrowed a Total of $402,300 from Countrywide Home Loans, Inc. to Purchase the Subject Property and Secured Those Loans With First and Second Deeds of Trust***

In March of 2007, Plaintiff purchased the subject property, located at 8931 Sanibel Shore Avenue, Las Vegas, NV 89147-6566, Parcel No. 163-17-719-054. (*See* Deed of Trust, Home Equity Credit Line Agreement and Grant Bargain and Sale Deed, attached to Request for Judicial Notice as Exhibits A and F, filed contemporaneously herewith, and Property Records from Clark County Recorder's Office, attached to Request for Judicial Notice as Exhibit E.

---

[2] This court just recently entered an Order dismissing a nearly identical complaint, *Thorne v. U.S. Bank*, case 2:09-cv-02445-RLH-RJJ, Docket #19, Order Dismissing Case, May 10, 2010. The same reasoning should apply here.

Plaintiff financed that purchase with two loans from Countrywide Home Loans, Inc. The first is a fixed rate note ("Note" or "Loan"), original loan #158065984. That loan is secured by a first position Deed of Trust, recorded with the Clark County Recorder's Office. *See* Exhibit A, Deed of Trust and Exhibit E, Recorder's Office records attached to the Request for Judicial Notice. Plaintiff's second loan is an adjustable rate Home Equity Credit Line, Loan #167290531, secured by a second position Deed of Trust. *See* Exhibit D, HELOC Agreement and Exhibit C, Second Deed of Trust, attached to the Request for Judicial Notice. Bank of America is the servicer of the loan.

Curiously, Plaintiff is not in default on this loan. As of the end of April 2010, she was still making payments and no default had been recorded. It is therefore unclear why she has filed this Complaint.

***Plaintiff Filed a Deficient Complaint Over Four Years After Executing the Loan Documents***

After enjoying the property and the proceeds of the loans for three years, Plaintiff filed her Complaint on March 25, 2010. It is extremely difficult to determine what Plaintiff is actually alleging against Defendants, but based on the caption of her Complaint, and the numerous pages that follow, it appears she is attempting to assert the following claims:[3]

(1) **Absent a Loan of Cash, There is No Debt**: Plaintiff's "vapor money" theory has been soundly rejected by numerous courts. Plaintiff cannot deny that she received the benefit of a loan, or otherwise explain how she was able to purchase the property she has possessed and enjoyed the subject property for three years.

(2) **Request for Ownership Papers-Promissory Note**: Plaintiff's request for the original promissory note is irrelevant, since the original promissory note is not necessary to institute foreclosure in a non-judicial foreclosure state such as Nevada.

(3) **Violation of GAAP**: Violation of GAAP, or generally accepted accounting principles, is not a recognized or recoverable cause of action.

(4) **Violation of the Real Estate Settlement Procedures Act (RESPA)**: Plaintiff's RESPA allegation is time-barred by the applicable one-year statute of limitations. Further, the servicing of the loan has not been transferred, thus making any claim moot.

(5) **Violation of the Truth In Lending Act (TILA)**: Plaintiff does not really assert any substantive claims under TILA, but rather refers to it randomly twice in her

---

[3] In the event that Defendants fail to identify any additional legal theories buried in Plaintiff's Complaint, it reserves the right to respond to those claims, once they are identified.

Complaint. To the extent she is trying to assert a TILA-based claim, her allegations are too vague and fail to state a claim for which relief can be granted.

(6) **Violation of the Fair Debt Collection and Reporting Act (FDCPA):** Plaintiff's claim for violation of the Federal Fair Debt Collections and Reporting Act fails because lenders or mortgage servicing companies enforcing promissory notes and deeds of trust are not considered "debt collectors" under the Act.

(7) **Violation of the Fair Credit Reporting Act (FCRA):** Plaintiff does not have standing to file a private cause of action for FCRA. There is no allegation that a credit reporting agency notified Defendants of Plaintiff's dispute. Nowhere is there any evidence that Defendants received any notice by any credit reporting agency. Most importantly, plaintiff is still current in her payments and fails to provide any evidence that any credit reporting has been made regarding her loans. Absent such evidence, Plaintiff cannot bring a claim under §1681s-2(b) of the FCRA. The claim must be dismissed.

(8) **Various Additional Random Allegations:** Near the end of her Complaint, Plaintiff lists over a dozen legal theories she "charges" against Defendants, but she fails to provide any discussion of any of them. They are all too vague to support a viable claim for relief, and should all be dismissed.

As discussed below, Plaintiff's claims are barred by applicable statute of limitations, fail as a matter of law, or are just not cognizable causes of action in Nevada.[4] In addition, Plaintiff's Complaint fails to plead sufficient factual allegations to establish the elements of any of the claims Plaintiff tries to assert. Plaintiff's Complaint is so deficient that even under the most liberal pleading standard, it fails to state any legally cognizable or compensable claims against any of the defendants, and should therefore be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. To do otherwise would result in a substantial injustice by allowing Plaintiff a massive windfall in the form of a free house.

### III.   LEGAL DISCUSSION

**A.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss pursuant to that rule, a complaint must be pled showing Plaintiff's entitlement to relief. This "requires

---

[4] *See* Exhibit K to the Request for Judicial Notice for a collection of recent court opinions. Nevada has experienced a multitude of similar case filings and now has a substantial body of case law which rejects Plaintiff's theories.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."[5]

When faced with a motion to dismiss, the court must accept the **well-pleaded** factual allegations of the complaint as true, and reasonable inferences must be drawn in the Plaintiffs favor.[6] However, only "fair" inferences arising from the pleading must be accepted by the court.[7] Factual allegations must be enough to raise a claim above the speculative level.[8] Bald contentions, unsupported characterizations, and legal conclusions are not well-pleaded allegations, and will not suffice to defeat a motion to dismiss.[9] The court is not required to accept as true, allegations that are merely conclusory, "unwarranted deductions of fact, or unreasonable inferences."[10] Courts will also not assume the truth of legal conclusions merely because they are cast in the form of factual allegations.[11] It will also not assume that a plaintiff "can prove facts which [he has] not alleged, or that the defendants have violated . . . . laws in ways that have not been alleged."[12]

A dismissal under FRCP 12(b)(6) may also be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.[13] Further, when the defense of an expired statute of limitations appears on the face of the complaint, a motion to dismiss for failure to state a claim is proper.[14] The object of these rules is to require a plaintiff to give the defendants notice of the nature and basis of her claims and the fair opportunity to respond, and that can only be accomplished if the pleading gives notice of what is actually alleged.

---

[5] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1664-66 (2007) (internal quotations omitted).
[6] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007).
[7] *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (Nev. 1997).
[8] *Twombly*, 127 S. Ct. at 1664-66 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE §1216, at 235-36 (3d ed. 2004)).
[9] *See G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, 460 F. Supp. 2d 1246, 1261 (D. Nev. 2006); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).
[10] *Sprewell*, 266 F.3d at 988.
[11] *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003); *accord Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).
[12] *Associated Gen.l Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897 (1983).
[13] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).
[14] *Kellar v. Snowden*, 87 Nev. 488, 489 P.2d 90 (1971).

In this case, Plaintiff's Complaint falls short of even the liberal notice pleading standard. The Complaint fails to actually set forth any valid claims for relief because it fails to set forth the elements of any claim and fails to allege facts to support those elements. Additionally, the majority of Plaintiff's claims are time-barred, do not apply to any of the named defendants and therefore should dismissed pursuant to FRCP 12(b)(6).

**B.   PLAINTIFF'S THEORY—THAT ABSENT A LOAN OF CASH, THERE IS NO DEBT—IS ENTIRELY WITHOUT MERIT AND WARRANTS DISMISSAL OF THE ACTION**

Plaintiff's overall theory appears to be that her loan is invalid because Defendants did not loan her "legal tender" or other depositors' money. *See* generally Complaint. Plaintiff includes numerous vague and incomprehensible allegations in her Complaint to that affect.[15] Variations of this theory have consistently been rejected by courts across the nation. The seminal case is *Nixon v. Individual Head of St. Joseph Mortgage Co.*, 615 F.Supp. 898 (C. D.Ind.1985). There, the plaintiff tried to use the same basic argument advanced here to avoid having to repay his loan:

> Reduced to its bare essentials, Nixon's claim against the Mortgage Company is **that it failed to have lawful money (in gold and silver coin) in its vault equal to the amount of the loan, so that it did not loan dollars to Nixon (as promised) but mere "credit or checkbook money."** The premise behind the amended complaint is that a check written on the Mortgage Company's credit is not lawful tender, as only government-issued currency is legal tender.[16]

The *Nixon* court found this argument to be "absurd for several reasons."[17] First, it noted that a "check issued by a bank or mortgage company need not be 'legal tender' for a loan to be valid."[18]

> Here, the mortgage company issued Nixon a check to use in buying his residence, and Nixon in fact got the house (subject, of course, to the mortgage entered into between the parties). What fraud was possibly worked on Nixon? He claims that the mortgage company said it would pay in dollars but did not have dollars available to back up the representation. Yet whether money was in the vault or not, the check issued by the company had the same effect: **it allowed Nixon to buy his house.**[19]

---

[15] Although pleading requirements under the federal system are generally liberal ones for plaintiffs, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it. *Peterson v. Atlanta Housing Authority*, 998 F.2d 904, 912 (11th Cir. 1993)
[16] *Nixon,* 615 F.Supp. at 899-990.
[17] *Id.* at 990.
[18] *Id.*
[19] *Id.*

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

Then the court noted that "while the check was not legal tender in the sense of a dollar bill or coins, it nevertheless had many of the same qualities of negotiability."[20] The court also observed that "[t]he check apparently satisfied the seller, who has not sued Nixon for some 'fraudulent payment,' and Nixon received his house in exchange for turning the check over to the seller."[21]

Finally, the court found that this type of a lawsuit "smacks of bad faith on the part of the plaintiff."[22] The borrower/plaintiff in the *Nixon* case did not object to receiving a check from the lender when he originally took out the loan and purchased his home. It was only after he was facing (and trying to avoid) foreclosure that he suddenly sought "to have the loan with which he obtained his residence declared illegal so as to back out of his contractual promise to pay on the loan."[23]

> **He has enjoyed the fruits of what the mortgage company's check bought, yet seeks to nullify that check on the basis of an absurd view that bank or mortgage company checks are worthless attempts to create "illegal tender."** Nixon's own experience in getting a residence with the check indicates that the market place recognizes the value of "credit and checkbook money," so that Nixon has suffered no damages and has no valid claim to advance here.[24]

Attempts to advance this theory in other courts have also been soundly rejected. The court observed in *Theil v. First Federal Savings*:

> **Reasoning on the most fundamental level, a level which requires more common sense than legal acumen, plaintiffs' theory is absurd.** A check issued by a mortgagee need not be 'legal tender' for the loan to be valid. Far from suggesting any fraudulent conduct, the drafts issued by the Savings and Loan in this case accomplished the only conceivable purpose of the transaction: they allowed [the borrower] to buy the properties at issue.[25]

Similarly, the plaintiff in *Stickland v. A Mortgage* also tried to use this theory to support claims for fraud and racketeering.[26] That court was also unsympathetic:

---

[20] *Id.*
[21] *Id.*
[22] *Id.*
[23] *Nixon*, 615 F.Supp. at 991.
[24] *Id.* (emphasis added).
[25] *Theil v. First Federal Savings & Loan Association*, 646 F.Supp. 592, 596 (N.D.Ind.1986) (emphasis added).
[26] *Stickland v. A Mortgage Co.*, 179 B.R. 979 (Bankr. N.D. Ga. 1995).

> Since both Congress and the courts have found federal reserve notes to be legal tender, the court finds the check given to plaintiff by defendant Enterprise was backed by and redeemable in federal reserve notes, coins and lawful money of the United States. . . The court finds that under the allegations of this complaint plaintiff cannot prove any set of facts in support of his claims which would entitle his to relief. ***The issues raised by the plaintiff in his complaint are frivolous, irrational and completely contrary to the established contract and monetary laws of this country.*** Accordingly, it is ordered that the adversary proceeding filed by plaintiff . . . is dismissed with prejudice as to each and every defendant.[27]

The law simply does not support Plaintiff's argument that the money she borrowed to purchase the property was not "lawful money" and therefore does not have to be repaid.[28] Such an argument is illogical, and frankly, dishonest.

Moreover, Plaintiff does not—because she cannot—allege that she did not receive the benefit of her loan. As the public records show, the money Plaintiff received from Countrywide allowed her to purchase the property, which she has lived in for three years. The property is very tangible, Plaintiff has possession of it, and her "vapor-money" theory is nothing more than an attempt to avoid her contractual obligation to pay for it, or face the foreclosure she contractually agreed to in her Deed of Trust.

### C. THE ORIGINAL NOTE IS NOT REQUIRED IN NEVADA NON-JUDICIAL FORECLOSURE

Plaintiff suggests that she has no obligation to pay her debt if the original note is not first produced to her. In Nevada, however, a lender is not required to show the borrower the original note before it can begin non-judicial foreclosure proceedings. NRS 107.80

---

[27] *Stickland,* 179 B.R. at 981-82 (emphasis added)
[28] To this day, individuals continue to advance this theory, and courts continue to reject it. *Rene v. Citibank N.A.*, 32 F. Supp.2d 539, 544-545 (E.D.N.Y. 1999) ("Since all the causes of action stem from the plaintiffs' premise that the check issued by Citibank was an attempt by the bank to create illegal tender, the defendants' motions to dismiss for failure to state a claim are granted, and the plaintiffs' complaint is dismissed in its entirety); *Davis v. JP Morgan Chase Bank*, 2003 U.S. Dist. LEXIS 24880 (N.D. Ill. March 11, 2003)(rejecting plaintiffs' theories that "(1) the mortgages and loans are invalid because they provide for repayment in dollars, which plaintiffs believe violates a 1933 congressional resolution passed when the United States went off the gold standard; (2) defendants actually loaned credit, rather than money, which plaintiffs allege is not permitted by defendants' banking charters; and (3) defendants should have known that plaintiffs could not pay off the requested loans").

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

In responding to a similar argument, Judge Robert C. Jones of this jurisdiction stated in *Ernestberg v. Mortgage Investors* Group, 2009 WL 160241, (D. Nev. 2009), "Plaintiff fails to convince the Court why the holding [in a judicial foreclosure case from an other state] is applicable here. . . . Nevada law articulates the procedures by which a non-judicial foreclosure may be conducted."[29] Similarly, in California, another non-judicial foreclosure state like Nevada, the courts have held that "an 'allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.'"[30]

Here, no default has been filed. Therefore it is unclear why Plaintiff is raising the argument, other than to try to persuade the court that no debt exists. Nothing in NRS 107.80 requires a lender to produce the original note before proceeding. Accordingly, Plaintiff's claims based on a purported failure to produce the original note should be dismissed, because that claim is not valid in Nevada under Nevada law.

### D. "VIOLATION OF GAAP" IS NOT A RECOGNIZED CAUSE OF ACTION

Plaintiff's discussion of GAAP, or "generally accepted accounting principals," appears to be an extension of her "vapor money" theory discredited above. *Id.* Nevertheless, Plaintiff listed "Violation of GAAP" as an independent claim in the caption of her Complaint, suggesting that she views it as such. She also discusses her GAAP-based theory at length. Complaint at pp. 5-13. The problem is that "violation of GAAP" is not a recognized cause of action in Nevada.

Assuming that Defendants have a duty to apply GAAP to its accounts, including Plaintiff's loan account, Plaintiff's claim fails because Plaintiff does not allege that Defendants breached that duty, *i.e.*, failed to apply GAAP. Instead, Plaintiff states only that "Plaintiff [is] requesting that Defendants prove that they are following GAAP." That "request" is not an actionable claim for relief. Plaintiff further fails to allege any damages relating to GAAP, if any occurred. Plaintiff's

---

[29] *Ernestberg*, 2009 WL 160241.
[30] *Id.* (quoting *Neal v. Juarez*, 2007 WL 2140640 (S.D. Cal. July 23, 2007)(citing *R.G. Hamilton Corp. v. Corum*, 218 Cal. 92, 97, 21 P.2d 413 (1933) and *California Trust Co. v. Smead Inv. Co.*, 6 Cal.App.2d 432, 435, 44 P.2d 624 (1935) and relying on *Commercial Standard Ins. Co. v. Tab Constr., Inc.*, 94 Nev. 536, 583 P.2d 449, 451 (1978)(stating that Nevada Courts often look to California law where Nevada law is silent)).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

GAAP claim should therefore be dismissed for failure to state a claim on which relief may be granted.

### E. PLAINTIFF'S RESPA-BASED CLAIMS ARE INADEQUATELY PLED. EVEN IF PLAINTIFF'S ALLEGATIONS ARE TAKEN AS TRUE, THEY ENTITLE HER TO NO RELIEF

Plaintiff lists violation of RESPA, or the Real Estate Settlement Procedures Act, as one of her claims against Defendants. *See* Complaint. Unfortunately, Plaintiff does not identify what provision of RESPA Defendants allegedly violated. It appears that she could be complaining of two violations: (1) that Defendant violated 12 U.S.C. §2605(b), which requires a lender to give at least 15-days notice that the servicing rights to a loan have been transferred before the transfer becomes effective, and (2) that Countrywide did not adequately respond to a Qualified Written Request. Those claims fail because the servicing rights have never been transferred, and defendants have repeatedly responded to plaintiff's numerous requests. See Responses, dated 12/9/9, 12/17/89, 12/18/9, 12/31/9, 1/28/10, 1/26/10, 4/7/10 attached as Exhibit J to the Request for Judicial Notice.

In truth, Defendants do not know for sure if either of the above scenarios is the RESPA violation Plaintiff is really asserting. The fact that Defendants have to guess at what Plaintiff is alleging shows that her allegations fail to give notice and are automatically subject to dismissal for failure to state a claim.[31]

### F. PLAINTIFF'S ALLEGATIONS DO NOT GIVE NOTICE OF ANY TILA VIOLATIONS AND ANY CLAIM BASED ON TILA IS TIME BARRED

In her Complaint, Plaintiff really does not assert any violations of TILA. Plaintiff lists "Violation of . . . TILA" as one of the claims in the caption of her Complaint, and she states that "Plaintiff has attempted to resolve this with the alleged mortgage holder to no avail and therefore is filing this suit to recover requested property under GAAP, **TILA**, RESPA, U.S.C.A. and CUUC."

Those naked references to TILA do not constitute notice of any violations sufficient to satisfy FRCP 8(a). Specifically, Plaintiff fails to articulate any duties Defendants owed her under TILA, and she sets forth no allegations to suggest that Defendants breached a TILA-based duty.

---

[31] *Twombly*, 127 S. Ct. at 1664-66

Therefore, to the extent that Plaintiff is trying to assert a claim under TILA, that claim should be dismissed because Plaintiff fails to state a claim on which any relief can be granted.

In addition, any claim based on TILA is time-barred. A cause of action brought under TILA must be commenced "within one year from the date of the occurrence of the violation." 15 U.S.C. section 1640(e). The general rule is that the statute of limitations period commences at the consummation of the transaction. *King v. California* 784 F.2d 910, 915 (9th Cir. 1986), as quoted in *Cervantes v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 87997 (Ariz. September 23, 2009). Here, Plaintiff consummated her loans in March of 2007. Plaintiff would have had to bring suit by March of 2008. Plaintiff's Complaint, filed on March 25, of 2010, which is two years too late. Plaintiff's TILA claims must be dismissed.

### G. THE FAIR DEBT COLLECTION AND REPORTING ACT (FDCPA) DOES NOT APPLY TO MORTGAGE LOAN SERVICERS LIKE DEFENDANTS

Plaintiff's claim that Defendants violated the Federal Fair Debt Collections and Reporting Act (FDCPA) fails because that act does not apply to these specific Defendants. The Act only applies to a "debt collector," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, **debts owed or due or asserted to be owed or due** *another*." 15 U.S.C. §1692(a)(6). Under the statute, the term "debt collector" ***does not*** include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor."[32]

Courts have held that mortgage companies collecting debts are *not* "debtor collectors."[33] Discussing the legislative history of the act, they have held that a ***"debt collector" does not*** include the consumer's creditors, ***a mortgage servicing company***, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."[34]

---

[32] 15 U.S.C. §1692(a)(6), §1692(a)(6)(A).
[33] *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).
[34] *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007).

444762

### H. PLAINTIFF HAS NOT SATISFIED HER BURDEN TO BRING A CLAIM PURSUANT TO FCRA

Plaintiff's Fair Credit Reporting Act (FCRA) claim must be dismissed with prejudice because Plaintiff lacks standing to bring a claim under the FCRA, and she has not followed the procedure necessary to trigger any liability for Defendants under the FCRA.

That claim fails because there is no private cause of action against a furnisher of information for violations of §1681s-2(a), the duty to provide accurate information to a credit reporting agency.[35] Absent a private cause of action, Plaintiff cannot bring her claim against Defendants. She simply lacks standing, and her claim is at a dead end. It should be dismissed.

To the extent that Plaintiff means to complain about the accuracy of the information Defendants reported to a credit reporting agency (which is not clear from her Complaint), Plaintiff's claim would also fail because Plaintiff has not followed the proper procedure.

The FRCR, 15 U.S.C. §1681 *et. seq.* regulates three specific types of entities: "(1) consumer reporting agencies, (2) users of consumer reports, and (3) furnishers of information to consumer reporting agencies."[36] Plaintiff does not allege that Defendants are a consumer reporting agency or a user of consumer reports. Instead, she alleges vaguely that Defendants may have reported inaccurate information regarding her loan to a credit reporting agency. Since Defendants' actions are alleged to have resulted in the reporting of negative or inaccurate credit information, Defendants must be considered a "furnisher of information" under the FCRA.

Liability of a furnisher of information under the FRCA is limited. An individual consumer cannot state an FCRA claim against a furnisher **unless the furnisher receives notice of the disputed information from a credit reporting agency**, and fails to comply with its duties.[37] In

---

[35] *See, Whisenant,* 258 F.Supp.2d at 1316; *Nelson v. Chase Manhattan Mortgage Corp.,* 282 F.3d 1057, 1060 (9th Cir. 2002); *Pirouzian v. SLM Corp.,* 396 F.Supp.2d 1124 (S.D. Cal. 2005); *Rollins v. Peoples Gas Light and Coke Co.,* 379 F.Supp.2d 964 (N.D. Ill. 2005); *Ryder v. Washington Mut. Bank, FA,* 371 F.Supp.2d 152 (D. Conn. 2005); *Roybal v. Equifax,* 405 F.Supp.2d 1177 (E.D. Cal. 2005); *Stafford v. Cross Country Bank,* 262 F.Supp.2d 776 (W.D. Ky. 2003); *Cisneros v. Trans Union, LLC,* 293 F.Supp.2d 1167 (D. Haw. 2003); *see,* also 15 U.S.C. §§1681s-2(c)(1), 1681s-2(d) (violations of §1681s-2(a) "shall be enforced *exclusively* as provided under section 1681s of this title *by the Federal agencies and officials and the State officials* identified in section 1681s of this title,") (emphasis added).

[36] *Whisenant v. First National Bank & Trust Co.,* 258 F. Supp. 2d 1312, 1316 (N.D. Okla. 2003)(citing *Aklagi v. Nationscredit Fin.,* 196 F.Supp.2d 1186, 1192 (D. Kan. 2002)).

[37] *Johnson v. Wells Fargo Home Mortgage, Inc.,* 2008 U.S. Dist. LEXIS 39591 at 1060. *See,* also, *Abouelhassan v. Chase Bank,* 2007 WL 3010421, F.Supp.2d, 2007 U.S. Dist. LEXIS 79266 (N.D. Cal. 2007); *Nelson v. Equifax Information Services, LLC,* 522 F.Supp.2d 1222, 1231 (C.D. Cal. 2007)

other words, Defendants' duty to investigate the accuracy of any negative information it reported to a credit reporting agency is not triggered unless Defendants received notice from a credit reporting agency that Plaintiff disputed that information. The courts recognize the statute as providing a "filtering mechanism" designed to give an "opportunity for the furnisher . . . to save itself from liability by taking the steps required in §1681s-2(b)."[38] As this Court has explained:

> [A] private cause of action exists under §1681s-2(b) when furnishers of credit information fail to follow proper investigation procedures after receiving notice of a dispute pursuant to §1681i(a)(2). *See, Nelson*, 282 F.3d at 1060. For §1681s-2(b) to apply, the furnisher of credit information must have received notice from a CRA within five business days of a dispute from a consumer, and the notice must have included all relevant information regarding the dispute received by the agency from the consumer. §1681i(a)(2). **In order to trigger §1681s-2(b), [a] [p]laintiff must allege that [the furnisher] received notice of a dispute from a CRA. [A] Plaintiff's correspondence with [the furnisher] . . . [such as the Qualified Written Request Plaintiffs discusses in Her Complaint] is irrelevant. At issue, rather, is whether Plaintiff alleges that [the furnisher] received notice from the CRA and then failed to make a proper investigation.**

*Marshall v. Gravitt*, 2007 U.S. Dist. LEXIS 4947, (D. Nev. 2007).[39]

Pursuant to that rule, Plaintiff's FCRA claim under §1681s-2(b) fails. Plaintiff does not appear to have triggered Defendants' duty to act under the statute. Plaintiff does not allege that she disputes that any information reported by Defendants to a credit reporting agency is inaccurate, and she does not allege that Defendants received notice of such a dispute *directly from a credit agency*.[40] In the absence of such notification, no duty arose, and there was no duty to violate.[41]

---

(interpreting *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d at 1060 as "specifically [holding] that the furnisher's *Section 1681s-2(b)* duty to investigate is triggered only after the consumer notifies the credit reporting agency, and the credit reporting agency then notifies the furnisher of credit.")
[38] *Nelson*, 282 F.3d at 1060.
[39] *See, also, Semper v. JBC Legal Group*, 2005 U.S. Dist. LEXIS 33591, *18 (W.D. Wash. 2005)("Pursuant to §1681i(a)(2) and interpreting case law, the notice that triggers the debt collector's investigative duties under §1681s-2(b) must come from the credit reporting agency, not the consumer."); *Peasley v. Verizon Wireless LLC*, 364 F.Supp.2d 1198, (S.D. Cal. 2005)("Courts have consistently held that for the duty imposed by §1681s-2(b) to be triggered, the furnisher of information must have received notice of the dispute from a consumer reporting agency, not from the consumer."); *Young v. Equifax Credit Information Services*, Inc., 294 F.3d 631, 640 (5th Cir. 2002)("Young points to no evidence tending to prove that Penney received notice of a dispute from a consumer reporting agency within five days, as is required to trigger Penney's duties under Section 1681s-2(b)").
[40] *Whisenant*, 258 F.Supp.2d at 1316.
[41] *See also, Stafford*, 262 F.Supp.2d 776 (furnisher of credit information has *no* responsibility to investigate a credit dispute until after it receives notice from a credit reporting agency; *notification from a consumer is not enough*); *Bank One, N.A. v. Colley*, 294 F.Supp.2d 864 (M.D. La. 2003) (Absence of evidence that bank, as furnisher of information under FCRA, was contacted by any credit reporting agency as to

Even if Plaintiff had alleged that she informed Defendants directly of an error in it's reporting, which she does not allege, she still has no private cause of action against Defendants in their role as a furnisher of information. Plaintiff simply has no standing to assert a claim for violation of §1681s-2(b), and she has not set forth the necessary allegations to support such a claim, even if she had standing. That claim must also be dismissed.

I. **THE REMAINDER OF PLAINTIFF'S CLAIMS AND ALLEGATIONS INCLUDE AN ARRAY OF UNDEVELOPED LEGAL THEORIES, ALL OF WHICH FAIL TO STATE A VALID CLAIM**

Near the end of her Complaint, Plaintiff literally *lists* all of the following claims, and purports to "charge" violations of each: (1) Collection attempts under color of law; (2) Conspiracy to commit extortion; (3) Securities Fraud; (4) Conversion Theft of Title; (5) 42 U.S.C. civil right(s) breaches; (6) Deprivation of Constitutional Rights and Privileges (42 U.S.C. 1983); (7) Conspiracy To Deprive Persons Of Equal Protection Of the Laws (42 U.S.C. 1985); (8) Deprivation of Equal Rights Under the Law (42 U.S.C. 1981); (9) Conspiracy Against Rights (18 U.S.C. 241); (10) Deprivation of Rights under Color of Law (18 U.S.C. 242); and (11) False Statements and Representations (18 U.S.C. 1001). Complaint at pp. 19-20.

Plaintiff also asserts claims based on various non-binding or non-existent legal authorities, including violations of the "U.C.C.," violation of the "Federal Uniform Commercial Code," "C.U.C.C.," "DCUS," and violations of various banking and insurance standards. *See Id.* at pp. 6-7, 19-20. Plaintiff further claims remedies under "28 U.S.C. 2201 Creation of Remedy," "28 U.S.C. 1651 All Writs Act, Judiciary Act of 1789," "18 U.S.C. 3231 The district courts of the U.S. shall have original jurisdiction," and "31 U.S.C. 371. *Id.* at p. 19. Some of Plaintiff's claims cite entire statutory enactments—18 U.S.C. 241, 18 U.S.C. 242, 18 U.S.C. 1001, 42 U.S.C. 1981, 42 U.S.C. 1983 and 42 U.S.C. 1985—but she does not say what provision(s) Defendants purportedly violated, or what actions constitute such violations. *Id.* Metaphorically speaking, Plaintiff appears to believe that filing a legal complaint is like fishing, where one dumps chum in the water just to see if anything bites.

---

consumers' disputed credit information precluded consumers' claim against bank for alleged violation of FCRA).

1  The problem is that Plaintiff *literally just lists* her theories and remedies. Plaintiff provides no allegations regarding which provisions of the statutes she cites that she thinks Defendants violated. Plaintiff fails to discuss the elements of any of her alleged theories, and she fails to assert facts which, if true, would satisfy those elements and show that a violation occurred. *See generally,* Complaint. All of Plaintiff's claims fail under FRCP 8(a) and should be dismissed pursuant to FRCP 12(b)(6) because they do not "set forth . . . a short plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a).

Further, several of Plaintiff's "claims" sound in fraud or misrepresentation. FRCP 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." Plaintiff does not state the circumstances of her fraud allegations in particularity. In fact, as previously discussed, she has not even satisfied the notice pleadings standard for her fraud claims.[42] Complaint at pp. 19-20.

In short, the chopped up pieces of law and fact Plaintiff tossed into her Complaint only cause confusion. They do not provide Defendants with notice of what Plaintiff is really alleging. Defendants are at a loss as to how to respond. Defendants cannot admit or deny Plaintiff's allegations because it cannot determine what she alleges. All of her claims should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim on which relief may be granted.

## IV.   CONCLUSION

Recognizing that Plaintiff is before this Court in proper person, Defendants have patiently attempted to analyze her Complaint and discuss all of the claims it appears that Plaintiff is attempting to set forth. As discussed above, however, all of Plaintiff's claims and allegations fail. They are all legally flawed, insufficiently pled, and/or lack the factual allegations which, if true,

. . .

. . .

. . .

. . .

---

[42] *Blanchard v. Blanchard*, 108 Nev. 908, 911, 839 P.2d 1320, 1322 (1992).

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

would entitle Plaintiff to any relief. All of Plaintiff's claims should be dismissed pursuant to FRCP 12(b)(6) for failure to state a claim on which relief may be granted.

DATED this 13 day of May, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
Attorneys for Defendants Countrywide Home Loans, Inc., Bank of America, N.A., Recontrust Company, N.A. and MERS

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the 14 day of May 2010, via US mail, to the following:

Yen-Hsueh Lai
8931 Sanibel Shore Avenue
Las Vegas, NV 89147
Pro Se Plaintiff

_____
an employee of Lewis and Roca LLP