# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| YEN-HSUEH LAI, | ) | |
| Plaintiff(s), | ) | 2:10-cv-0420-RLH-LRL |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Dismiss–#12) |
| COUNTRYWIDE HOME LOANS, *et al.*, | ) | |
| Defendant(s). | ) | |

Before the Court is Defendants' **Motion to Dismiss** (#112, filed May 13, 2010). No opposition to the motion has been filed.    Local Rule 7-2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969).

Furthermore, Defendants' Motion has merit and Plaintiff's Complaint does not. Although difficult to understand precisely what Plaintiffs is alleging, to the extent she is alleging the following, the claims are without merit for the following reasons:

/ / / /

1

1. The claim that absent a loan of actual cash, there is no debt, or the "vapor money" theory has been soundly rejected by numerous courts. She got the benefit of the loan.
2. The demand for production of the promissory note is without basis as production of the note is unnecessary to institute foreclosure in a non-judicial foreclosure state like Nevada.
3. Violation of general accepted accounting principles is not a recognized or recoverable cause of action.
4. Plaintiff's claims for violation of the Real Estate Settlement procedures Act (RESPA) is time-barred by the one-year statute of limitations and the servicing of the loan has not been transferred.
5. Plaintiff only twice randomly refers to a violation of the Truth in Lending Act but fails to state any actual facts in support of such a claim.
6. Because lenders or mortgage servicing companies enforcing promissory notes and deeds of trust are not considered "debt collectors" there can be no violation of the Fair Debt Collection and Reporting Act in this case.
7. The various additional random allegations near the end of the Complaint are too vague to support any claim for which relief could be granted.

IT IS THEREFORE ORDERED that Defendants' **Motion to Dismiss** (#112) is GRANTED.

Dated: June 14, 2010.

_____
Roger L. Hunt
Chief United States District Judge